UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DAVID LEWIS BENTON, SR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-322- |
| ) | JMH |
| V. ) | |
| ) | |
| KENTUCKY COMMUNITY & TECHNICAL ) | |
| COLLEGE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David Lewis Benton, Sr., is a resident of Jeffersonville, Indiana. Proceeding without an attorney, Benton has filed an original and amended complaint against the Kentucky Community & Technical College System ("KCTCS") in Versailles, Kentucky. [R. 1, 5] The Court has granted Benton's motion to proceed *in forma pauperis* by separate Order. [R. 4]

In his original complaint, Benton alleged that KCTCS instilled in him the false hope that he had a reasonable chance of employment upon graduation notwithstanding his prior criminal record, but that potential employers in his chosen fields of study routinely conduct criminal background checks and discriminate against job applicants with criminal records. [R. 1, p. 2] Benton sought $2.5 million in damages and an

1

apology for unspecified "civil, federal, city/state violations." [R. 1, p. 3] In his amended complaint, Benton contended that the foregoing conduct violated his rights under the First Amendment, 18 U.S.C. § 1038, and Ky. Rev. Stat. 367.170, 522.020, and 522.050. [R. 5, p. 1]

The Court must conduct a preliminary review of Benton's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials and entities. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Benton's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As this Court has determined in another case filed by the plaintiff, *Benton v. Kentucky Community & Technical College*, No. 14-42-JMH (E.D. Ky. 2014), Benton's complaint must be dismissed

for lack of subject matter jurisdiction. The Eleventh Amendment prohibits a federal district court from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009). KCTCS was created by Kentucky statute, Ky. Rev. Stat. 164.580, is part of Kentucky's "postsecondary education system," Ky. Rev. Stat. 164.001(16), and Kentucky law establishes that "state institutions of higher education under KRS 164 are agencies of the state" under Ky. Rev. Stat. 44.073(1). Because state law directly governs KCTCS's creation and operations, it is an "arm of the state" for Eleventh Amendment purposes under *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The Court must dismiss Benton's complaint for lack of subject matter jurisdiction. *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999); *McCollum v. Owensboro Community & Technical College*, No. 4:09CV-121-M, 2010 WL 1742379, at *2 (W.D. Ky. April 29, 2010).

In addition, Benton's federal claims must be dismissed with prejudice. Benton's claim under 18 U.S.C. § 1038 - a federal criminal statute - must be dismissed for lack of standing, as

3

only a federal prosecutor, not a private citizen, may prosecute a claim for violation of its terms. 28 U.S.C. § 547(1); *Gill v. State of Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).

Benton's First Amendment claim must also be dismissed with prejudice. Benton previously filed suit regarding the allegations he makes in this case in the Circuit Court of Jefferson County, Kentucky, in Case No. 12-CI-6215. In that complaint, filed on November 27, 2012, Benton alleged that he was denied employment in 2004, 2006, and 2011 because of his criminal background. That complaint was dismissed on January 15, 2013, and Benton's appeal from that dismissal remains pending in the Kentucky Court of Appeals. See *Benton v. Kentucky Community & Technical College*, No. 14-42-JMH (E.D. Ky. 2014) [R. 11-2, pp. 60-67, therein] The foregoing establishes that the conduct about which Benton complains occurred between three and ten years before he filed his complaint in this action on January 27, 2014, well beyond the applicable one-year statute of limitations applicable to his claims. *Mitchell v. Chapman*,

4

343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Benton's First Amendment claims must therefore be dismissed with prejudice as time barred.

Having determined that none of Benton's federal claims survive dismissal, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Accordingly, **IT IS ORDERED** that:

1. The federal claims asserted in Benton's original and amended complaints [R. 1, 5] are **DISMISSED WITH PREJUDICE**; Benton's claims under state law are **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this Order.

3. The Court **CERTIFIES** that any appeal would not be taken in good faith.

4. This matter is **STRICKEN** from the active docket.

This the 4th day of September, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge